Good morning. Walter Capile on behalf of Mr. Hernandez. I'd like to first clarify the nature of Mr. Hernandez's claim because there seems to have been some disagreement in among the parties and the district court as to the exact nature of that claim. And then I want to address the implications of the good all case on the case at bar. Mr. Hernandez was convicted on a guilty plea of back in 2017 and is sentenced included a 10 year mandatory minimum under section 924 C of title 18 for discharging a firearm in relation to a federal crime of violence. In 2019, now federal crime of violence is defined in section 924 as either a crime that has as an element, the use or threatened use of physical force. And in another clause, it's defined as a crime that has a risk of such use or threatened use of force. In 2019, the Supreme Court decided United States versus Davis, which held that the risk of use of force clause, the residual clause was unconstitutional. Mr. Hernandez claims that his conviction had to be based on the residual clause because the crimes that are mentioned in his plea do not meet the elements test. I want to focus on the specific procedural ruling that the district court made and your challenges to it. Let me make sure I understand your argument correctly. As I understand it, you're not challenging the district court's cause and prejudice analysis, but instead are asserting that because it's jurisdictional, that therefore it's not subject to that analysis. Do I have that correct or am I mistaken? You have that correct. goes only to the merits of the case. Similarly, Williams held that a ruling that the indictment is defective does not affect the jurisdiction of the trial court to determine the case presented by the indictment. Explain to me why that isn't fatal to your jurisdiction argument. Because we're not focusing on the indictment. We're focusing on the fact that he was sentenced for a crime that does not exist. Cotton says that a jurisdictional claim can never be forfeited or waived, even if it wasn't raised in the district court. We're not focusing on the indictment. This is not merely a defect in the indictment. This is a defect in the power of the court to act. Section 3551 gives courts the power to impose sentence for anyone found guilty of an offense against the United States. And with the residual clause gone, he has been sentenced for a non-offense against the United States. So we're focusing not on the indictment. We're saying that the court had no authority. It would be like sentencing him to 10 years for wearing a pink shirt. Before we run out of time, I want to ask you the following. The government, in its brief, has suggested, at least briefly, at the end of its answering brief, that if we were to issue a certificate of appealability on the question whether your client gave up the right to appeal or collaterally attack the convict, and if we were to do that, could you respond as to whether paragraphs 4 and 5 of the plea agreement, found in ER 159, preclude this appeal? I don't recall what paragraphs 4 and 5 include. Paragraph 4 says, I agree to give up my right to appeal my conviction, the judgment, and orders of the court, as well as any aspect of my sentence, including any orders relating to forfeiture and or restitution, except that I reserve my right to claim that my counsel is ineffective. Paragraph 5 is similar. I agree not to file any collateral attack on my conviction or sentence, including certain items except reserving the right to claim ineffective assistance, and I also agree not to seek relief under 18 U.S. Code section 3582. That waiver of all appellate rights cannot include a waiver of the court's jurisdiction. That would be the same as declaring the court has jurisdiction. Only Congress can declare that the court has jurisdiction. A defendant cannot say that the court has jurisdiction because I waive any right to object to it. So he can't waive jurisdiction. That would be like granting the court jurisdiction. What case are you aware of that holds that a blanket waiver of that kind cannot cover a situation in which there is a later case that undoes the issue at hand where there's no cause and prejudice shown? I can't quote quote a specific case that specifically holds that, but if in Davis, his conviction was reversed because it's not an offense. The same thing should apply here. His sentence should be reversed. Is there a waiver of appellate and collateral attack rights in that case that you're aware of? I can't remember. I don't, I don't recall. I don't recall in Cotton. I don't either. I'm actually asking. I don't recall. And now as far as Goodall, Goodall did not address any jurisdictional issues. If you do a word search under Goodall, the Goodall case, the word jurisdiction does not appear. Goodall decided it under traditional waiver principles, which are if you don't raise it in the district court, you waive it. If you waive it in a plea agreement, you waive it. And Goodall talked about the reasons it's going to enforce that plea were the language of the waiver. Functionally, it seems very similar because it had to do with the elements clause and Davis. And it just seems to me it's without whether or not it used the term jurisdiction, it seems to be pretty close to your situation. It's not authority for a waiver of a jurisdictional claim because it didn't discuss or address the jurisdiction of the court, the power of the court, jurisdiction goes to the power of the court to act, not the rights and obligations of the parties. And in Goodall, the court focused on the meaning of the words used in the waiver. They said this is based on our previous decisions under Rule 35, which used to have a provision in there that said an illegal sentence can be corrected at any time. That's no longer in there. Isn't that the effect of Goodall? Even if it didn't say that, isn't that the ultimate effect of the holding? In Goodall? Yes. The effect is to, I'm sorry, I'm not following you. Well, isn't the effect is to bar the appellate waiver from the plea agreement. Wasn't that the effect of the holding? Well, what the court said is the language of the appellate waiver is sufficient to cover everything. It didn't address jurisdictional issues. Goodall didn't argue it and the court didn't digress it. So it's not precedent for a case where a defendant is arguing the court had no jurisdiction to sentence me for wearing a pink shirt. And if he had been sentenced for wearing a pink shirt and a year later comes back and says, I want to vacate this sentence, the court should do it because the court had no authority to sentence him. He's being, as the court in the ex-party sidewall says, it's not the basis for an imprisonment. You have exceeded your time. We will give you a minute for rebuttal when the time comes. Thank you. We'll hear next from Ms. Chan. Good morning, your honors. My name is Mary Jean Chan and I represent the United States in this appeal. May it please the court. Your honors, just to begin with, the court had a question about Davis and whether that included any plea waiver. I don't believe it did, your honors, because the defendants in that case were convicted by jury trial. So there was no plea agreement as in this case. Second, the language of the Goodall waiver, the waiver that was implicated in the Goodall case is very similar to the one here. According to the opinion, the language says that the defendant also knowingly and expressly waives all collateral of challenges, including any claims under 28 U.S.C. 2255 to his conviction sentence and the procedure by which the court adjudicated, built, and imposed sentence. So I think it is functionally, as this court has noted, identical to the waiver in this case. More, I think, saliently, the Goodall case stands for the proposition that the exact claim that Mr. Hernandez brings here is a waivable claim. So this court need not decide whether the rules of procedural default apply to what would otherwise be non-waivable claims, at least while a case is still pending and not when it's already been deemed final. And only because here the claim is not a waivable claim. And so it really isn't presented to this court. The other thing that I think Goodall does. I'm confused by what you just said. You said the claim is not waivable. No, your honor, that Hernandez's claim is a waivable claim because the same claim was brought in the Goodall case. Perhaps you just misspoke or I misunderstood your last sentence. Your position is that it's waivable. It is a waivable claim. Because he takes the risk that the law will change in his favor. Correct. And Mr. Hernandez's position in this appeal is that non-waivable claims are not subject to the rules of procedural default. He does not present a non-waivable claim. And Goodall makes that very clear. Therefore, there's no reason for this court to decide whether the rules of procedural default should apply to non-waivable claims. But you would agree that a defect in the court's subject matter jurisdiction is not waivable. It is not waivable, but that doesn't necessarily mean that it isn't subject to rules of procedural default, which already have two exceptions. First, actual innocence as well as cause and prejudice. One of the things that I think is pretty clear is that if the case is still pending and hasn't been through the appellate process, then it is not waivable. The court can look at it de novo. It isn't waivable in that sense. But it hasn't been made clear whether if years after the conviction is otherwise final, a defendant wants to bring a collateral attack, whether that actually means that it is not subject to the rules of procedural default. That is a different question. And I don't think that question is actually presented in this case because Mr. Hernandez's claim is really a run-of-the-mill kind of a Davis challenge, which we see so often. And it's really ubiquitous right now. There are hundreds, probably thousands of these claims, and those are not jurisdictional claims. Those claims go to the merits of whether the 924C statute and 924J, also in this case, extend to the conduct of the defendant. This is a merits question. It is not a question that goes to the reach of the court. So we have in the civil context, there's a concept, I think it's rooted in Delvey Hood, that a claim can be so insubstantial and frivolous that it amounts to a jurisdictional defect. Is there any analog to that in the criminal context? And if so, is the facial invalidation of a statute something that would implicate a similar analog in the criminal context? I think those two contexts are very different, Your Honor. And here, the court's jurisdiction in the criminal context is set out in the statute 3231, 18 U.S.C. 3231. And that gives the court's jurisdiction over all offenses under the laws of the United States. So as long as an indictment alleges a law under the United States, then the court has jurisdiction to decide whether that law reaches the conduct and how to interpret those laws. If, for example, an indictment were to charge something, a law of a different sovereign, for example, a California law or, for example, a Canadian law, then yes, facially, I think you could see very clearly from the face of the indictment that there is no jurisdiction. So even if the statute that defines the offense against the United States is facially unconstitutional, you would say that that still creates jurisdiction to decide such a charge? I think it does, Your Honor. I think it's a closer question if, for example, the Supreme Court under binding law has already found a statute to be unconstitutional at the time of the indictment. That might be a different question. And that's really what the 11th Circuit has held. But it isn't usually clear whether a statute is constitutional or not. There's usually a challenge as we go into the process. And it is the court's province. It's really its job to decide whether the statute is constitutional or not. If you were to try and file a 924C based on the residual clause today, there'd be no jurisdiction? I think there would be jurisdiction, but the case should be dismissed because it doesn't state an offense. And that's different. Whether a case states an offense is, for example, under Rule 12b-3 is something that has to be brought before trial. Whether there is jurisdiction is something that there's no limitation on in terms of timing, because those are two different things. Whether the government has failed to state an offense is different than whether the court lacks jurisdiction or power to act over the case or decide the case at all. And so jurisdiction is a very narrow concept in this criminal realm. I should also note that Goodall really poses the question of whether this court should be entertaining the question at all now. Because under Slack v. McDaniel, this court should only entertain the procedural question if there is some reasonable likelihood that Hernandez could, on the merits of the petition, prevail. Prior to Goodall, there was some question whether the waiver would be enforced because there was an argument, at least, that if his conviction were to be found to be illegal, it would fall under the illegal sentence exception to the enforcement of the plea waiver. Goodall now disposes of that. So if this court basically reverses on the procedural grounds and Hernandez goes back into court, he, under Goodall, really has no reasonable likelihood of prevailing on the merits of the 2255 petition because of the waiver. And so this court really may want to take a look at whether the COA continues to be providently granted. Your Honors, this court, what Hernandez brings with this challenge to the merits as to whether murder is a crime of violence is really a quintessentially a merits question. It is a question that is being raised in courtrooms all around the country right now for this court to find that that is a jurisdictional question. And further, that that evades the procedural default rules would be such a consequential decision. And it would be inconsistent with Cotton. It would be inconsistent with Rattigan, and it would be inconsistent with the concept of finality that is being enforced by the rules of procedural defaults. If this court has no further questions, the government would submit and ask this court to either affirm or dismiss the appeal. Thank you, counsel. Mr. Kiley, you may have a minute for rebuttal. You have to unmute, please. I'm sorry. I'm sorry. This is not a waivable claim. It is a claim that the statute is unconstitutional. An ex parte cyborg, the Supreme Court said an offense created by an unconstitutional statute is not a crime and it cannot be, quote, cannot be a legal cause of imprisonment. It's not waivable. It's just not the, it's not a cause of imprisonment. And, for example, and it doesn't have, for example, in Louisville and Nashville Railway, it was a civil case, but the court, the case had been in the district court, the court of appeals, and nobody contested jurisdiction. The Supreme Court on its own motion said, we've looked, there's no jurisdiction, there's no diversity of citizenship, and there's no constitutional claim. So on our own motion, we're going to dismiss the, we're going to reverse the case because we have no jurisdiction. So the court can do it on its own motion. It simply doesn't have a jurisdiction. If you were, if a defendant were able to waive jurisdiction, that would be the same as granting jurisdiction to the court. Thank you. We appreciate the arguments from both of you. They've been very helpful and the case just argued is submitted.
judges: GRABER, COLLINS, Groves